```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY GOMEZ,                    :
                                  :
        Plaintiff                 :    No. 1:14-CV-01176
                                  :
    vs.                           :    (Judge Kane)
                                  :
UNITED STATES OF AMERICA,         :
                                  :
        Defendant                 :
```

## MEMORANDUM

### I. Background

On June 18, 2014, Plaintiff Gregory Gomez, an inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"), filed a complaint against the United States of America pursuant to 28 U.S.C. § 1331 setting forth claims under the Federal Tort Claims Act ("FTCA") regarding incidents which occurred at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), on or about February 20, 2014.[1] (Doc. 1, Complaint)

---

1. 28 U.S.C. § 1331 states as follows: "The district court shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States."
    The FTCA provides a remedy in damages for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of [the United States] while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). With respect to negligence or wrongful acts or omissions the FTCA excludes several types of claims, including the intentional torts of assault, battery, false imprisonment, false arrest with

(continued...)

Gomez's complaint is far from coherent. The court's review of it reveals that sometime prior to 11:30 a.m. on February 20, 2014, corrections officers at USP-Lewisburg attempted to double-cell another inmate with Gomez. Id. at 2-3. Gomez refers to two inmates - Aaron Armstrong and Jose Hernandez - and it is not clear which one the corrections officers on or about February 20, 2014, attempted to place in the cell with Gomez. Id. Gomez refers to inmate Armstrong as one who attempted "to kill himself several times by swallowing razor blades, batteries" and that he was known to assault his cellmates. Id. at 3. He further claims that inmate Hernandez "assaulted [him] with closed fists, kicks and punches, head butts" and "attempted to sexually assault, provoke by displaying his penis in a violent pattern of behavior." Id. Gomez then refers to Hernandez as his cellmate and that he informed corrections officers of "the ongoing problem with [Hernandez]" but the corrections officers told him they were not "moving inmate Hernandez." Id.

Gomez claims that at approximately 11:30 a.m. on February 20, 2014, he was issued a false misconduct report by a corrections officer. Id. Gomez contends the misconduct report

---

1. (...continued)
exception of acts or omissions of investigative or law enforcement officers of the United States. 28 U.S.C. § 2680. "Investigative or law enforcement officer" is defined as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h).

falsely stated that when the corrections officers attempted to place the other inmate in the cell with him he "stated f***k you he aint coming in here, I will beat down any [expletive] that comes in this cell[.]" <u>Id.</u> Apparently as a result of that incident Gomez was placed in restraints for "more than 24 hrs as punishment." <u>Id.</u> at 4. Gomez alleges that the restraints caused "[bruises], loss of blood flow, and no feeling to his fingers" and "[scars] on [w]rist and ank[les] and mental anguish." <u>Id.</u> Gomez claims that the United States is liable because its employees placed him in an unsafe environment which resulted in an assault by another inmate and injury to his extremities, i.e., severe pain, bruising and lose of blood flow. <u>Id.</u> He also claims he suffered injury as the result of Hernandez's sexual advances and being placed in a cell with a known "mental inmate," apparently referring to inmate Armstrong. As relief Gomez requests damages in the amount of $1,000,000.[2]

---

2. Gomez did not attach to the complaint a copy of Standard Form 95 or "other written notification of incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident" which he was required to submit to the appropriate agency, in this case the Regional Office of the Federal Bureau of Prisons, when making a claim under the FTCA. 28 C.F.R. § 14.2; 28 C.F.R. §§ 543.30 and 543.31(c). 28 U.S.C. § 2675(b) provides that an action under the FTCA "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency,except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation of proof of intervening facts, relating to the amount of the claim." Because Gomez did not
(continued...)

On June 26, 2014, Gomez filed a motion to proceed in forma pauperis and an authorization to have funds deducted from his prison trust fund account to pay the filing fee in installments. (Docs. 5 and 6) On July 1, 2014, Gomez's motion to proceed in forma pauperis was granted and the United States Marshal directed to serve the complaint on the defendant named therein. (Doc. 8) Service was effectuated and on October 6, 2014, the United States filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. (Doc. 12) The United States claims that Gomez's complaint is both facially as well as factually defective because Gomez has failed to demonstrate the he has exhausted his administrative remedies under the FTCA. The court will limit its review to a facial attack on Gomez's complaint and for the reasons set forth below, the court will grant the United States' motion to dismiss.

**II. Discussion**

Under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

---

2. (...continued)
attach Standard Form 95 or other written notice of the incident, the court cannot determine if Gomez is asking for an amount of damages in excess of the amount asserted in the alleged administrative tort claim.

to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008)). The standard when reviewing a facial attack on a complaint under Rule 12(b)(1) is very similar to the standard utilized when considering a Rule 12(b)(6) motion. The court is to accept the allegations at face value. Mortensen v. First Federal Savings and Loan Association, 549 F.2d 884, 891 (3d Cir. 1977).

The burden is on the party who seeks to invoke the jurisdiction of a district court. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.), cert. denied, 501 US. 1222 (1991). The FTCA is a limited waiver of sovereign immunity and the limitations and procedural requirements of the Act must be strictly applied. Livera v. First National State Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989). One of the limitations and procedural requirement of the FTCA is that the aggrieved party first present his claim to the appropriate federal agency. The FTCA states in pertinent part as follows:

> An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first **presented** the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make a a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a)(emphasis added). A plaintiff has the burden of demonstrating that the agency actually received the

administrative tort claim. Lightfoot v. United States, 564 F.3d 625, 628 (3d Cir. 2009). In Lightfoot, the Court of Appeals for this circuit held that the term "presented" requires actual receipt of the claim by the agency and "merely mailing the claim" is insufficient. Id.  The Court further indicated that the prison "mailbox rule" does not apply to FTCA claims. Id. Gomez has neither alleged in his complaint nor presented evidence that the Regional Office of the Bureau of Prison actually received an administrative tort claim regarding the incident of February 20, 2014.

The Court of Appeals for this circuit has also held that civil complaints which are filed prior to the expiration of the six-month period are subject to dismissal. Accolla v. United States Government, 369 Fed. Appx. 408, 410 (3d Cir. 2010)("The agency ruled within six months of the initial filing, namely, on May 22, 2008.  However, because Accolla filed his FTCA action in federal court before that date and before the expiration of the appropriate six month period, the District Court was without jurisdiction to rule on the FTCA claim.").[3]

Although the exhaustion requirement under the Prison Litigation Reform Act of 1995 is an affirmative defense and can be

---

3.  The Court of Appeals cited McNeil v. United States, 508 U.S. 106, 111-112 (1993) which held that a court is without jurisdiction to rule on a prematurely filed claim under the FTCA even if an agency denies the related administrative claim soon after the federal lawsuit is filed.

waived, the exhaustion of administrative remedies under the FTCA is jurisdictional and cannot be waived. Compare Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) with Livera, 879 F.2d at 1194; see also Jones v. Block, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2007)(". . .failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); see also Ellis v. United States, 2009 WL 440390, *13 n.17 (W.D.Pa. Feb. 23, 2009)("The PLRA exhaustion requirement and the FTCA exhaustion requirement are separate and distinct[.]"). Gomez in his complaint fails to allege that he exhausted his administrative remedies under the FTCA. "A complaint's failure to allege exhaustion of administrative remedies [] requires dismissal of [a] complaint for lack of subject matter jurisdiction." Biase v. Kaplan, 852 F.Supp. 268, 283 (D.N.J. 1994)(citing Gillespie v. Civiletti, 629 F.2d 637, 640(9th Cir. 1980)(dismissing pro se complaint for failure to allege exhaustion of administrative remedies) and Prybyszewski v. City of Philadelphia, 1990 WL 2800 at *3(E.D.Pa. 1990)(same)).

In his brief and sworn declaration in opposition to the United States' motion to dismiss, Gomez claims he submitted a federal tort claim form to the Regional Office of the Bureau of Prisons but did not receive a response from the Bureau of Prisons. However, Gomez does not allege the date on which he submitted the federal tort claim but it is clear based on the filing date of

civil complaint in this court (June 18, 2014) and the allegations in the civil complaint (the incident occurred on or about February 20, 2014) that he did not give the Federal Bureau of Prisons the six-months permitted under 28 U.S.C. § 2675(a) to respond to the allegedly filed administrative tort claim.  Consequently, the present civil action was prematurely
filed and the court will grant the United States' motion to dismiss.

       An appropriate order will be entered.